Argued February 24, affirmed April 7, 1972

BARNARD, *Appellant, v.* UNITED STATES
NATIONAL BANK OF OREGON ET AL,
*Respondents.*

495 P2d 766

*David A. Vinson,* Eugene, argued the cause for appellant. With him on the briefs were Day Bayly, and Sahlstrom, Starr & Vinson, Eugene.

*Jerry W. Hendricks,* Eugene, argued the cause for respondent United States National Bank of Oregon, Trustee. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

No appearance for respondents Century of Progress Fund, an Oregon corporation, and City of Eugene, Oregon.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

This is an appeal from a circuit court decision which found that the trustee of the Charles M. Barnard Testamentary Trust did not abuse its discretion in determining the sums of money to be paid to Mrs. Charles Barnard, the trust's lifetime beneficiary. Plaintiff contends the trial court erred in its determination.

When Charles Barnard died on October 3, 1966, his will put the residue of his estate in trust. The trust was funded in May 1968, and in July 1968, the market value of the trust's assets was $170,810. Following her husband's death, Mrs. Barnard's separate assets amounted to $106,512.53. Plaintiff testified that during her thirty-five year marriage to Mr. Barnard, they were unable to do much traveling—due at first to the ill health of her mother-in-law with whom they lived —and then later due to the poor health of her husband. Mrs. Barnard began to travel extensively following her husband's death. She was allowed $500 per month as a "widow's allowance," and on January 11, 1968, the bank's trust committee approved payment to her out of the trust assets of the same monthly sum, apparently as "necessary and advisable" living expenses. In each instance this was the amount she requested.

From October 6, 1966, until November 30, 1969, plaintiff received $18,000 in payments from the trustee. Her expenses for the same period, partially due to extensive travel, were approximately $50,000. In late 1969, she requested reimbursement of the difference between the money received and her expenses, and that her monthly allowance be increased to $1500. The trustee denied these requests, but did increase her monthly allowance to $550 per month as of February 1970.

We agree with the trial court that the trustee has not abused its discretion under the terms of the trust. The relevant portions read:[1]

"(a) During the lifetimes of my wife, MAR-

[1] The remainder beneficiary is the City of Eugene Century of Progress Fund. Section III(b) of the trust directs the trustee to turn the remaining trust estate over to this Fund for additional library and/or swimming facilities in Eugene.

GARET S. BARNARD and my mother, CORA N. BARNARD, or either of them, I direct my Trustee to pay to them or the survivor of them, such sums from the income and principal of the trust estate as my Trustee shall deem necessary or advisable for their support and maintenance.

"* * * * *

"(d) In making the payments committed to its discretion to or for the benefit of any beneficiary pursuant to subdivision (a) of this section, my Trustee shall take into consideration any other income or support received, or property possessed by such beneficiary and known to my Trustee; but the extent to which such other income, support or property must first be used or liquidated by such beneficiary, shall be in the absolute discretion of my Trustee."

The provisions of the trust document give great latitude to the trustee, not to the lifetime beneficiary to determine what sums are "necessary and advisable * * *." Further, provision III(d) specifically directs that other assets and income of the lifetime beneficiary "shall" be taken into account at the absolute discretion of the trustee in making this determination.

■ ■ Plaintiff's contention that there have been abuses, first by the trustee's failure to sufficiently inquire into her needs and expenses, and then by denying her the sums requested, is refuted by the record.⑨ Absent any showing to the contrary, we assume that the bank as both executor of the estate and trustee of the trust of Charles Barnard was aware of the plaintiff's situation—in particular that she had considerable

_____

⑨ Under some circumstances, where the trustee fails to *use* his judgment, there may be an abuse. *See,* 3 Scott, Trusts 1518, § 187.3 (3d ed 1967).

assets following her husband's death. There is no evidence that prior to presenting her list of expenditures to the trustee plaintiff suffered from a lack of funds. When the expenditures *were* submitted and she asked for reimbursement for the amount spent above the $18,000, and for the $1,000 per month increase in her monthly allotment, the trustee held a meeting to consider her request. As stipulated, at that time the trustee took into account her current worth—$93,000 —and that during the year immediately preceding, she had $4,820 of income *in addition* to the $500 per month from the trust. We note that in every year in question the amounts paid to the plaintiff exceeded the income of the trust.

In *Rowe v. Rowe et al*, 219 Or 599, 604, 347 P2d 968 (1959), the Supreme Court held:

"* * * [A] settlor may create a valid trust which vests in the trustee the discretion to pay or apply only so much of the income or principal as the trustee sees fit. 2 Scott on Trusts (2d ed) §§ 128.3 and 155; 3 Bogert, Trusts and Trustees, § 560. The standard in such case is not a specific one, such as the beneficiaries' need, but is rather, a general standard of reasonableness in exercising the discretion granted to him * * *.

'* * * * * *'

The court will not interfere if the trustee acts within 'the bounds of a reasonable judgment.' 2 Scott on Trusts, § 187, p 1375. What these bounds are will vary with the terms and purposes of the trust and the circumstances of each case * * *."

Under the circumstances here, there has been no abuse.

Affirmed.